E-FILED
Thursday, 03 January, 2019  09:58:48 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CYNTHIA D. WEISKOPF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-3176 |
| | ) | |
| MENARD, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Plaintiff Cynthia D. Weiskopf's Objection to Defendant's Notice of Removal to Federal Court (d/e 2), which the Court treats as a Motion for Remand. Because Defendant Menard, Inc. has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000, the Motion for Remand is GRANTED.

**I. BACKGROUND**

On June 12, 2018, Plaintiff filed a Complaint in the Circuit Court of the Seventh Judicial Circuit, Sangamon County, Illinois, against Defendant. See Complaint (d/e 1-2). Plaintiff alleged that she was walking through an aisle of Defendant's store when her foot

struck a protruding pallet causing her to fall and "suffer serious bodily injuries which required immediate and ongoing medical treatment, and which will require medical treatment in the future." Id. ¶¶ 6, 11. Plaintiff also alleged that she "suffered and will continue to suffer lasting pain" (id. ¶ 12), that she was "temporarily unable to pursue her usual gainful activities" (id. ¶ 13), and "suffered permanent impairment" (id. ¶ 14).

Plaintiff sought judgment in excess of $50,000. Illinois law prohibits parties from stating the exact amount at issue in their complaints. See 735 ILCS 5/2-604 (providing "that in actions for injury to the person, no ad damnum may be pleaded except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed").

On July 13, 2018, Defendant filed a Notice of Removal (d/e 1) pursuant to 28 U.S.C. § 1441 et seq., stating Defendant was served on June 15, 2018. Defendant alleges that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. Specifically, Defendant asserts that the parties are diverse because Plaintiff is a citizen of Illinois and Defendant is a Wisconsin corporation with its principal place of business in Wisconsin. Defendant further asserts that it

appears that Plaintiff seeks damages in an amount in excess of the jurisdictional requirement of $75,000 given the nature of Plaintiff's injuries and the language of her Complaint.

Plaintiff seeks a remand to state court. <u>See</u> Motion for Remand (d/e 2). Plaintiff asserts that Defendant's speculation of the amount in controversy is based solely on Plaintiff's ad damnum and is not competent proof of a reasonable probability that diversity jurisdiction exists in this matter. Plaintiff also asserts that her total special damages amount to approximately $31,000, which is inclusive of medical invoices and lost wages. As such, Plaintiff argues, it is not reasonably probable that the amount in controversy will exceed $75,000.

In response, Defendant asserts that in addition to the $31,000 special damages, Plaintiff also alleges "lasting pain," "permanent impairment," and an inability to pursue "gainful activities." Resp. at 2 (d/e 4). According to Defendant, a reasonable probability exists that the amount in controversy could result in a verdict of greater than $75,000.

## II. ANALYSIS

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). A district court may exercise diversity jurisdiction if the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and is between citizens of different States. 28 U.S.C. § 1332(a).

Plaintiff does not contest that the parties are diverse. Plaintiff only challenges whether the amount in controversy requirement is met.

The Court initially notes that the parties apply the wrong standard in their briefs. Both parties analyze whether there is a "reasonable probability that jurisdiction exists." The Seventh Circuit disavowed the "reasonable probability" test in <u>Meridian Sec. Ins. Co. v. Sadowski</u>, 441 F.3d 536, 540 (7th Cir. 2006) ("We now retract that language; it has no role to play in determining the amount in controversy.").

Defendant, as the proponent of federal jurisdiction, bears the burden of establishing this Court's jurisdiction. <u>See</u> <u>Sadowski</u>, 441 F.3d at 540. Because Plaintiff challenges Defendant's amount-in-

controversy allegation, Defendant must show, by a preponderance of the evidence, that the amount in controversy is in excess of $75,000.  See Sabrina Roppo v. Travelers Commercial Ins. Co., 869 F.3d 568, 579 (7th Cir. 2017) (quoting 28 U.S.C. §1446(c)(2)(B)).  The burden is not to show that Plaintiff will prevail or will collect $75,000 but rather that what Plaintiff hopes to get out of the litigation exceeds $75,000.  Rising-Moore v. Red Roof Inns, Inc., 435 F.3d 813, 815 (7th Cir. 2006).

Generally, when removal is sought based on diversity jurisdiction under 28 U.S.C. §1332, the sum demanded in good faith in the complaint is deemed the amount in controversy.  28 U.S.C. § 1446(c)(2).  Where State practice does not allow a demand for a specific sum, as is the case in Illinois, removal is proper if the district court finds, by a preponderance of the evidence, that the amount in controversy specified in § 1332(a) is satisfied.  See 28 U.S.C. §1446(c)(2)(B).

The Seventh Circuit recognizes "the difficulty a defendant faces when the plaintiffs, who control the allegations of the complaint, do not want to be in federal court and provide little information about the value of their claims." Sabrina, 869 F.3d at

579 (quoting Blomberg v. Serv. Corp. Int'l, 639 F.3d 761, 763 (7th Cir. 2011) (internal quotation marks omitted)).  Therefore, a defendant "only must establish the amount in controversy by a good faith estimate that is 'plausible and adequately supported by the evidence.'"  Id. (quoting Blomberg, 639 F.3d at 763); see also Oshana v. Coco-Cola Co., 472 F.3d 506, 511 (7th Cir. 2006) (noting that a "good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence").  A defendant can meet this burden by pointing to interrogatories or admissions in state court; calculating the amount in controversy from the complaint's allegations; referencing the plaintiff's informal estimates or settlement demands; or introducing evidence in the form of affidavits from the defendant's experts or employees about how much it would cost to satisfy the plaintiff's demands.  Sadowski, 441 F.3d at 541-42.

Once the removing party has met this burden, jurisdiction is defeated only if it appears to a legal certainty that the stakes of the lawsuit do not exceed $75,000.  Oshana, 472 F.3d at 511.  While the amount in controversy is evaluated as of the time of removal, subsequent events may clarify what the plaintiff was seeking when

the case was removed. Carroll v. Stryker Corp., 658 F.3d 675, 680-81 7th Cir. 2011).

In this case, Defendant asserts that the amount in controversy exceeds $75,000 in light of the nature of Plaintiff's injuries and the language of her Complaint. Defendant further argues that Plaintiff's assertion in the Motion for Remand—that special damages including medical bills and lost wages total approximately $31,000—further supports the jurisdictional amount because Plaintiff also alleges lasting pain, an inability to pursue gainful activities, and permanent impairment.

The Court will not consider Plaintiff's assertion that special damages amount to $31,000 as evidence that the claim is worth less than $75,000 because a plaintiff cannot rely on post-removal assertions to defeat jurisdiction. See Hunt v. DaVita, Inc., 680 F.3d 775, 777 (7th Cir. 2012) (noting that a "post-removal disclaimer of damages in excess of $75,000" does not defeat federal jurisdiction after a proper removal). Defendant also relies on the $31,000 figure, asserting that the $31,000 plus damages for lasting pain, permanent impairment, and an inability to pursue gainful activities results in an amount in controversy exceeding $75,000.

However, even if this Court accepts the $31,000 figure as evidence that sheds light on the amount Plaintiff was seeking at the time of removal, the Court finds that Defendant has not met its burden. Plaintiff's allegations regarding her injury are conclusory. Plaintiff alleges she suffered serious bodily injury that required and will require medical treatment and that she suffered a permanent impairment. The Complaint does not allege the part of the body injured or the extent of medical treatment. Even accepting that special damages total $31,000, the Court has no information from which to infer whether the damages sought for lasting pain, permanent impairment, and an ability to pursue gainful activities would bring the total over the jurisdictional threshold. See, e.g., Delbovo v. Speedway, LLC, No. 2:16-CV-481, 2017 WL 1174067, at *1-2 (N.D. Ind. Mar. 30, 2017) (finding that complaint alleging that the plaintiff tripped and fell, "suffered serious injuries and damages to her mind and body, some of which are permanent" and incurred medical expenses, and lost wages did not trigger the deadline for removing the case because it was not clear from the complaint that the amount in controversy exceeded $75,000); see also Harter v. Gold's Gym Int'l Inc., No. 15-cv-896-DRH, 2015 WL 5467958, at *3

(S.D. Ill. Sept. 16, 2015) (remanding case where the allegations in the complaint that the plaintiff suffered permanent injury to her ankle and has been and will be liable for large sums of money for medical and hospital treatment did not "facially constitute a dollar amount exceeding the $75,000 threshold").

Courts finding that allegations of serious, permanent injuries satisfy the amount in controversy involve cases where the Plaintiff alleged the nature of the injury with some specificity. For example, in <u>McCoy by Webb v. Gen. Motors Corp.</u> 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002), a commonsense reading of the complaint supported the conclusion that the plaintiffs were seeking in excess of $75,000 in damages in their products liability suit where the plaintiff alleged a car crash resulted in "lasting and permanent injuries," severe pain, emotional distress, disability, lost value and enjoyment of life, future loss of income, medical expenses, loss of normal life, disfigurement, and paralysis. <u>See</u> <u>also</u> <u>Fields v. Jay Henges Enters., Inc.</u>, No. 06-323-GPM, 2006 WL 1875457, *5 (S.D. Ill. June 30, 2006) (finding that a negligence complaint alleging chronic painful skin disease, pain and suffering, past and future medical expenses, and lost earnings should have put the defendants on notice that the

amount in controversy exceeded $75,000). Those types of allegations are not present here.

The Court notes that in Rising-Moore, 435 F.3d at 815, the Seventh Circuit stated, in dicta, that medical expenses of $10,000, lost income of $35,000, and a modest allowance for pain, suffering, and future losses, brought the total over the jurisdictional threshold. The Court notes, however, that, according to the district court, the plaintiff in that case alleged that he suffered "permanent head and neurological impairments." See Rising-Moore v. Red Roof Inns, Inc., No. IP1:03CV00707SEB-JPG, 2004 WL 1453602, at * 1 (S.D. Ind. March 30, 2004). Such allegations put in context the nature of the damages the plaintiff sought and the plausibility of the amount exceeding $75,000.

Therefore, the Court finds that Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. Although the case is not removable at this time, Defendant may attempt removal again if Defendant discovers facts – such as through a response to an interrogatory or request to admit—that the case is removable. See Benson v. SI Handling Sys., Inc., 188 F.3d 780, 782 (7th Cir. 1999) ("Nothing in §1446

forecloses multiple petitions for removal."). Of course, any subsequent removal notice must comply with 28 U.S.C. § 1446(b)(3) (be filed within 30 days of receipt of the "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"); 28 U.S.C. § 1446(c) (providing that a case cannot be removed under § 1446(b)(3) based on diversity more than one year after commencement of the action unless the district court finds the plaintiff acted in bad faith to prevent removal).

### III. CONCLUSION

For the reasons stated, Plaintiff's Motion for Remand (d/e 2) is GRANTED. This cause is remanded to the Circuit Court of the Seventh Judicial Circuit, Sangamon County, Illinois.

**ENTERED: January 3, 2019**

**FOR THE COURT:**

    *s/Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**